**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, | **Civil Action No. 20-15280 (JXN) (JRA)** |
| Plaintiff, | |
| v. | **OPINION** |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, | |
| Defendant. | |

**NEALS**, District Judge:

This matter comes before the Court on Defendant Liberty Mutual Fire Insurance Company's ("Liberty Mutual") motion pursuant to L. Civ. R. 7.1(i) to reconsider (ECF No. 69) the Court's September 30, 2023 Opinion (ECF No. 64) (the "September 30 Opinion") and Order (ECF No. 65) (together, the "September 30 Order"). Plaintiff Insurance Company of the State of Pennsylvania ("Pennsylvania Insurance") opposed. (ECF No. 72). The Court has carefully considered the parties' submissions and decides the matter without oral argument under Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Liberty Mutual's motion to reconsider (ECF No. 69) the September 30 Order is **DENIED**.

## I.      BACKGROUND AND PROCEDURAL HISTORY[1]

On October 30, 2020, Pennsylvania Insurance filed a three-count complaint. (ECF No. 1). On August 5, 2022, and August 15, 2022, Liberty Mutual filed a motion and cross-motion for summary judgment, respectively. (ECF Nos. 44, 46). Liberty Mutual argued in part that non-party Jacobs Engineering, Inc. ("Jacobs") is not an additional insured under Liberty

---

[1] The Court refers to the parties to the September 30 Opinion, which discusses the relevant facts at length.

Mutual's Commercial Automobile General Liability Policy No. AS2-631-509639-013 (the "Liberty Policy").

On August 5, 2022, Pennsylvania Insurance filed a motion for partial summary judgment (ECF No. 45), seeking an Order "declaring that: (1) Jacobs . . . is an 'additional insured' under" the Liberty Policy; that (2) Liberty Mutual "has to indemnify Jacobs [] because the 'accident' involving Joao Silva" (the "Silva Action") concerned a "covered 'auto'" under the Liberty Policy; and that (3) the Liberty Policy "is primary to that of any other insurance, including . . . the policy issued by [Pennsylvania Insurance] under Policy No. GL 514-25-61.'" (*Id.* at 2[2]).

The Court entered the September 30 Order that: (i) denied Liberty Mutual's motions for summary judgment; and (ii) granted in part and denied in part Pennsylvania Insurance's motion for partial summary judgment. The Court found Jacobs to be an additional insured under the Liberty Policy. On November 3, 2023, Liberty Mutual filed an un-timely motion to reconsider the September 30 Order. On November 20, 2023, Pennsylvania Insurance opposed the motion. This matter is now ripe for consideration.

## II.   THE COURT WAIVES THE DEADLINE TO CONSIDER THE RECONSIDERATION MOTION

Motions for reconsideration must be "filed within 14 days after the entry of the order or judgment on the original motion by the Judge." L. Civ. R. 7.1(d)(i). Because the September 30 Order was entered on September 30, 2023, the motion was to be filed no later than October 16, 2023.[3] Liberty Mutual did not file its motion until November 3, 2023—32 days after the September 30 Order was entered. However, the Court waives the 14-day deadline.

Argued in a footnote, Liberty Mutual requests waiver of the 14-day deadline because the "issues in this case are complicated, and an injustice will result if the Court does not reconsider

---

[2] The Court refers to the ECF page numbers in this Opinion.
[3] Saturday, October 14, 2023, is 14 days from entry of the September 30 Order.

the" September 30 Order.  (Liberty Mutual's Mem. of Law (ECF No. 69-1) (the "Mem. of Law")

at 9 n.1).  In opposition, Pennsylvania Insurance argues Liberty Mutual "failed to show that the

issues here are so complicated that a manifest injustice will result if" the 14-day deadline "is not

relaxed."  (ECF No. 72 at 7).

"An untimely filed motion for reconsideration may be denied" on procedural grounds.

*Oriakhi v. Bureau of Prisons*, No. 7-264, 2009 WL 1874199, at *3 (D.N.J. June 29, 2009)

(citations and internal quotations omitted); *see also Mitchell v. Twp. of Willingboro Mun. Gov't*,

913 F. Supp. 2d 62, 78 (D.N.J. 2012) (denying motion filed "28 days after the court entered its

order denying summary judgment"); *Luxama v. Ironbound Express, Inc.*, No. 11-2224, 2021 WL

3630290, at *3 (D.N.J. Aug. 16, 2021) (denying motion filed 30 days after order denying

summary judgment entered).

Here, Liberty Mutual contends that the September 30 Order "overlooked independent

arguments" and "relied on manifest errors in facts and law[.]" (Mem. of Law at 5).  *See*

*Andreyko v. Sunrise Sr. Living, Inc.*, 993 F. Supp. 2d 475, 478 (D.N.J. 2014) (District Court may

"grant a motion for reconsideration only where its prior decision has overlooked a factual or

legal issue that may alter the disposition of the matter.") (citations omitted).  Indeed, the issues

raised in the reconsideration motion fall within the acceptable grounds considered on

reconsideration, namely "to correct a clear error of law or fact *or* to prevent manifest injustice."

*Max's Seafood Cafe, by Lou–Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999) (citation

omitted) (emphasis added).  Accordingly, the Court considers Liberty Mutual's grounds for

reconsideration.[4]

---

[4] Liberty Mutual filed a letter and Declaration with exhibits (ECF Nos. 84 to 84-5) (together, the "April 4 Letter") seeking to supplement the reconsideration motion.  Because replies are not allowed without leave of court, the April 4 Letter is procedurally deficient.  L. Civ. R. 7.1(d)(3); *see also* L. Civ. R. 7.1(d)(6).  Accordingly, the Court declines to consider the April 4 Letter.  *Seidle v. Neptune Twp.*, No. 17-4428, 2020 WL 4349901, at *1 n.1 (D.N.J.

III.        **STANDARD OF REVIEW**

Reconsideration "is an extraordinary remedy that is to be granted very sparingly" because "[t]he standard of review involved in a motion for" reconsideration is "quite high. . . ." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002) (citations and internal quotations omitted); *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994) (citation omitted). The standard "is an exacting one." *Ivan v. Cnty. of* Middlesex, 612 F. Supp. 2d 546, 550 (D.N.J. 2009).

L. Civ. R. 7.1(i) "allow[s] a party to seek a motion for reconsideration if the party believes the judge has overlooked certain matters or controlling decisions in rendering the original decision." *Ivan*, 612 F. Supp. 2d at 550. "The Third Circuit has held that the purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 550 (internal quotation marks, ellipses, and citations omitted). "A reconsideration motion, however, may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised before a judgment has been entered." *Id.* at 550-51 (internal quotation marks and citation omitted). Thus, parties must demonstrate "more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Id.* at 551 (internal quotation marks and citations omitted).

To prevail, the moving party must show "at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court" issued the order or judgment; or "(3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café,* 176 F.3d at 677 (citation

July 29, 2020). Liberty Mutual also did not seek leave under Local Civil Rule 7.2(b) before filing its 19-page memorandum of law. (Mem. of Law.) Because leave was neither requested nor granted, the Court may disregard the arguments raised therein.

4

omitted).  Reconsideration is granted "only when dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered."  *Ivan*, 612 F. Supp. 2d at 551 (internal quotation marks and citations omitted).

## IV.       DISCUSSION

### A.       The Court Will Not Reconsider the September 30 Order

Liberty Mutual submits that reconsideration of the September 30 Order is warranted on three primary grounds: (1) if Jacobs is an additional insured under the Liberty Policy, as the Court found in the September 30 Order, there is no coverage because Jacobs' liability is not the result of its "use" of a covered auto; (2) the Court overlooked Liberty Mutual's argument that by assuming exclusive control of Jacob's defense without seeking contribution, Pennsylvania Insurance waived or is estopped from seeking recovery from Liberty Mutual; and (3) the Court relied on facts not in the record in finding Jacobs is an additional insured.  (*See, gen.,* Mem. of Law).  The Court addresses each argument in turn.[5]

#### 1.       Whether Jacob's Liability Resulted from the "Use" of a Covered Auto is a Genuine Issue of Material Fact

Liberty Mutual posits the "argument that Jacobs is not entitled to coverage, even if Jacobs were deemed an additional insured under the Liberty Auto Policy, because Jacobs' liability . . . was not the result of its ownership, maintenance or use of a covered vehicle under the Liberty Auto Policy. . . ."  (Mem. of Law at 10) (emphasis removed).  In short, the Court disagrees that summary judgment should be granted on this record.  (*Id.* at 14).

In the reconsideration motion, Liberty Mutual contends Pennsylvania Insurance "could not, has not, and cannot, show that Jacobs's liability **resulted** from its ownership, maintenance of

---

[5] Liberty Mutual repeats similar arguments raised in its summary judgment motions, which is not permitted on reconsideration.  *See NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996); *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 532 (D.N.J. 1998).

use of the Conti pickup truck. . . ."  (Mem. of Law at 12).  Whether Liberty Mutual is correct in this contention cannot be decided by summary judgment on this record.  And because neither party has provided authority on this issue, the Court deems it appropriate to provide guidance.

Courts focus on the "use" of the vehicle and not the user to determine whether coverage is triggered.  *Penske Truck Leasing Co., L.P. v. Gov't Employees Ins. Co.*, No. 19-12073, 2021 WL 11723250 (D.N.J. Dec. 9, 2021).  In applying Florida law in *Old Republic Ins. Co. v. Kemper Cas. Co.*, the Third Circuit considered whether the District Court correctly decided that liability resulting from personal injuries in unloading a truck was covered by an auto policy that provided in pertinent part that "We will pay all sums an 'insured' legally must pay as damages because of bodily injury . . . to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance *or use* of a covered 'auto.'"  130 F. App.'x 616, 618-19 (3d Cir. 2005).  There, the court applied a three-part test in a Florida state court case for determining whether the finding of coverage under "use" was appropriate, which it found it was.  *Id.* at 619-21.

The "use of" an "auto" or "motor vehicle" is liberally applied in insurance matters.  *See Ohio Farmers Ins. Co. v. Landfried*, 348 F. Supp. 486, 489 (W.D. Pa. 1972) ("[T]he word 'use' in an automobile liability insurance policy" "includes [the police car's] function as a place for the storage of weapons and emergency gear."); *see also Carolina Cas. Ins. Co. v. Travelers Property Cas. Co.*, 90 F. Supp. 3d 304, 316 (D.N.J. 2014) ("It is well established that the phrase 'use of a motor vehicle' includes the loading of cargo[,]" and, thus, a "person injured during the loading of cargo is therefore considered a 'user' of the motor vehicle.") (internal quotation marks and citation omitted).  Indeed, "courts have extended statutory coverage based on the status of the injured *person* as a *user* of the motor vehicle."  *Id.* at 316.  The "only connection required is a

6

substantial nexus between the injury and the use of the vehicle." *Id.* at 316 (internal quotation marks and citations omitted).  Nonetheless, "use" of a covered vehicle requires a review of the whole of the policy.  *See Consumers Ins. USA v Huntleigh Dealership Services, Inc.*, No. 19-1853, 2022 WL 1423621, at * 8 (E.D. Pa. May 5, 2022) (limiting coverage to a specified time).

Here, the intent of the Liberty Policy is to provide coverage for "bodily injury" that is "caused by an 'accident' and resulting from the ownership, maintenance[,] or use of a covered 'auto.'"  (Sept. 30 Op. at 4).  The injury in the Silva Action, and Jacobs' liability thereto, may or may not trigger coverage.  But it is Liberty Mutual's burden at summary judgment to demonstrate the lack of genuine dispute as to any material fact and its entitlement to summary judgment as a matter of law.  Liberty Mutual did not do so.

The only related assertion of fact, which reads that the Silva Action "did not go to the jury on a theory of Jacobs Engineering's negligent ownership, maintenance, or use of the Conti Enterprises pickup truck[,]" is disputed.  (Liberty Mutual's Statement of Undisputed Material Facts (ECF No. 44-2) (the "LMSOF") ¶ 37; Pa Ins.'s Responsive Statement of Undisputed Material Facts (ECF No. 47-1) (the "PRSOF") ¶ 40).  And in reviewing Silva's Updated Pre-Trial Exchange ((ECF No. 44-14) (the "Pre-trial Exchange")), Liberty Mutual relies on the Statement of the Case that states in part that "[t]his is a workplace safety rules injury case."  (*Id.* at 7).  However, this sentence alone does not entitle Liberty Mutual to summary judgment.

First, the Pre-Trial Exchange does not include the jury charges, so the Court cannot confirm whether the jury considered whether the injuries sustained resulted from the "ownership, maintenance or use of a covered" vehicle.  Second, even if Liberty Mutual is correct that "[t]here is no dispute that [] the insured bears the burden of establishing that a claim lies within the policy's scope of coverage[,] (Mem. of Law at 11), Liberty Mutual, and not Pennsylvania

Insurance, is seeking summary judgment on this basis.  Third, because Liberty Mutual did not respond to certain of Pennsylvania Insurance's assertions of fact, the Court accepted them as true and undisputed for purposes of summary judgment.  *See* Fed. R. Civ. P. 56(e).  For example, Liberty Mutual does not dispute that the Liberty Policy covered additional insureds "for injuries to persons (including death) and damage to property arising out of the *ownership, maintenance or use of any owned, hired, or non-owned motor vehicle*."  (ECF No. 45-2 ¶ 22; ECF No. 47-1 ¶ 22) (emphasis added).

It is undisputed that the Liberty Policy requires Liberty Mutual to pay damages "because of 'bodily injury' or 'property damage' . . ., caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto.'"  (LMSOF ¶ 21; PRSOF ¶ 21).  Beyond this, Liberty Mutual points to no undisputed material facts to support summary judgment in Liberty Mutual's favor.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (Moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact) (citations omitted).  This is required before Pennsylvania Insurance may "counter with specific facts which demonstrate that there exists a genuine issue for trial."  *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996) (citation omitted).  Here, reconsideration is denied because Liberty Mutual's summary judgment motions failed at the initial hurdle.  *See Clark v. Prudential Ins. Co. of Am.*, 940 F. Supp. 2d 186, 189 (D.N.J. 2013) ("[R]econsideration is an extraordinary remedy, that is granted very sparingly.") (citation and internal quotations omitted).

## 2. Genuine Issues of Material Fact Exist Regarding Whether Pennsylvania Insurance Waived or is Estopped from Recovery

### a) Consideration of *Hinsinger* Does Not Trigger Reconsideration

Liberty Mutual fails to cite an "intervening change in the controlling law;" or the "availability of new evidence that was not available when the court" issued the September 30

Order.  *Max's Seafood Café by Lou Ann, Inc.*, 176 F.3d at 677 (citation omitted).  In short, Liberty Mutual has not met its burden to demonstrate that the September 30 Order merits reconsideration on these grounds. Rather, Liberty Mutual argues that the September 30 Opinion's "reliance on" *Hinsinger v. Conifer Ins. Co.*, 2022 WL 17820259 (D.N.J. Dec. 20, 2022) "is a manifest error[,]" which conflates the reconsideration standard, because the Court "misread[]" the case and it "post-dated the briefing in this" matter.  (Mem. of Law at 6).

First, Liberty Mutual points to no authority to support its argument that the Court cannot consider *Hinsinger* because it "post-dated" the briefing.  Second, Liberty Mutual argues that the Court incorrectly relied on *Hinsinger* "for the proposition that Liberty [Mutual] must demonstrate detrimental reliance *i.e.*, prejudice" (*see* Mem. of Law at 15-16).  However, *Hinsinger* quotes *Northfield Ins. Co. v. Mount Hawley Ins. Co.*, 454 N.J. Super. 135, 145 (N.J. Super. Ct. App. Div. 2018), a New Jersey Appellate Division decision decided nine years after *Nazario v. Lobster House*, 2009 WL 1181620 (N.J. Super. Ct. App. Div. May 5, 2019),[6] which provides that courts consider reliance when deciding estoppel.

In analyzing this issue, the Court similarly cited *Nazario*, an unpublished opinion that Liberty Mutual included in its cross-motion brief (ECF No. 46-1 at 17).  *See New Jersey Dep't. of Env't. Prot. v. Amerada Hess Corp.*, 323 F.R.D. 213, 226 (D.N.J. 2017) ("[D]ecisions of state intermediate appellate courts . . . should be accorded significant weight" and "[w]hile unpublished opinions are not binding on New Jersey courts, the federal courts may refer to them when predicting state law.") (internal quotation marks, brackets, and citations omitted).  Thus, *Northfield Ins. Co.,* and *Hinsinger* are controlling.  *See CDK Global, LLC v. Tulley Auto. Grp., Inc.*, 489 F. Supp. 3d 282 (D.N.J. 2020), *reconsideration denied*, No. 15-3103, 2021 WL 1187123, at *4 (D.N.J. Mar. 30, 2021).  And Liberty Mutual failed to demonstrate that such

---

[6] Liberty Mutual neither cited *Northfield Ins. Co.* here nor in its summary judgment briefs (ECF Nos. 44-3, 46-1).

authority should not have been considered.  Accordingly, the reconsideration motion is denied.

                b)      <u>Liberty Mutual's "Exclusive Control" Argument Does Not Entitle it to Summary Judgment</u>

Liberty Mutual contends that the September 30 Order merits reconsideration because "by assuming exclusive control over the defense of Jacobs and choosing not to tender the defense of Jacobs to Liberty [Mutual] until after a judgment had been entered[,]" Pennsylvania Insurance "waived and/or is estopped from any ability to seek a recover from" Liberty Mutual.  (Mem. of Law at 16).  The Court disagrees.

In the September 30 Opinion, the Court held "[t]here is no dispute that Liberty Mutual 'did not receive notice of' Pennsylvania Insurance's and Jacob's 'claim for a duty to defend and indemnify for the' Silva Action 'until July 2, 2020, approximately 8 months after a verdict for $2,579,000 was returned against Jacobs in the' Silva Action."  (Sept. 30 Op. at 14).  Liberty Mutual contends that this finding favors its exclusive control argument and relies heavily on *American Home Ass. Co. v. St. Paul Fire & Marine Ins. Co.*, 233 N.J. Super. 137 (N.J. Super. Ct. App. Div. 1989), *certif. den.*, 177 N.J. 632 (1989).  There, the New Jersey Appellate Division found in part that one carrier's policy was primary because it "exclusively assumed" the attorney's "defense for four-and-a-half years without a murmur of protest. . . ."  As a result, the court affirmed the trial court's decision to dismiss the complaint for contribution of defense costs.  The case is distinguishable for several reasons.

First, *American Home* concerned "a dispute between two professional liability carriers over their respective obligations to provide a defense to the same insured covered by a policy issued by each." *Id.* at 138.  In affirming the trial court's dismissal of the contribution action, the court considered two competing insurance policies.  Here, Liberty Mutual is disputing coverage under the same policy that Pennsylvania Insurance claims entitles it to contribution—the Liberty

Policy.  Indeed, the issue in *American Home* was whether one policy provided primary coverage—and the other—excess coverage.  *See Gen. Acc. Ins. Co. of America v. Safety Nat. Cas. Corp.*, No. 92-4150, at *5 n.6 (E.D. Pa. Aug. 30, 1993) ("*American Home* concerned two *primary* carriers with *concurrent* duties to defend and rights to control.").

Next, the case involved a malpractice insurer for an attorney bringing an action against the attorney's firm for contribution in defending the attorney, which is not the case here.  Also, the carrier in *American Home* waited over four years to seek indemnification and/or contribution. Here, Pennsylvania Insurance waited 8 months.  Moreover, in *American Home* there was no verdict in the underlying trial.

Additionally, in *Jefferson Ins. Co. v. Health Care Ins. Exch.*, which Liberty Mutual did not cite in its reconsideration brief, the New Jersey Appellate Division found *American Home* unpersuasive because the case "does not discuss at all the obligation of a concurrent carrier to contribute to a settlement."  247 N.J. Super. 241, 245 (N.J. Sup. App. Div. 1991).  There, the court held that a "settling carrier has a cause of action against a non-settling carrier for contribution to a settlement effected on behalf of their common insured."  *Id.* at 247.

Further, in citing *American Home*, this court held that "an insurer's duty to defend accrues when proper demand is made."  *Sentry Select Insurance Company v. Clark*, No. 20-9754, 2021 WL 2472705, at *9 (D.N.J. June 17, 2021) (internal quotations, brackets, and citations omitted).  Here, Liberty Mutual argues that it has no duty to contribute to the Silva Action, and not that its duty is triggered once Pennsylvania Insurance noticed Liberty Mutual.

Because *American Home* does not undermine the Court's finding that genuine issues of material fact exist regarding whether "Liberty Mutual is required to indemnify Jacobs and contribute to the verdict entered against Jacobs" (*see* Sept. 30 Op. at 12), the motion is denied.

Finally, Liberty Mutual claims that the Court overlooked its arguments because the Court did not specifically address them in the September 30 Opinion.  However, "[a]n argument is not deemed overlooked because it is not specifically addressed in a court's opinion."  *Byrne v. Calastro*, No. 5-68, 2006 WL 2506722, at *2 (D.N.J. Aug. 28, 2006) (citation omitted).  Moreover, "argument[s] may be regarded as having been considered if it is presented to the court in written submissions and in oral argument."  *Id.* at *2 (citation omitted).  The same is true here.

Certainly, a "district court cannot be shown to have overlooked an argument simply because the court does not expressly discuss it in an opinion."  *Gutierrez v. Johnson & Johnson*, 743 F. Supp. 2d 418, 423 (D.N.J. 2010) (citations omitted).  Indeed, this court has similarly held. *Compare High 5 Games, LLC v. Marks*, No. 13-7161, 2019 WL 6828391, at *4 (D.N.J. May 30, 2019); *and Hoover v. Sears Holding Corp.*, No. 16-4520, 2017 WL 3923295, at *7 (D.N.J. Sept. 7, 2017).  Put simply, the Court need not list every argument it considered, and reconsideration is not a vehicle by which a party is free to restate its prior arguments.

### 3.    The Court Did Not Rely on Presumed Facts not in the Record

Liberty Mutual raises additional arguments that Jacobs is not an additional insured because "only a tortured misreading of different provisions of the Turnpike Contract that use the words 'indemnified parties', would include Jacobs as an 'Indemnified Party.'"  (Mem. of Law at 18).  Further, that reconsideration is triggered because the Court "did not find" reasonable Liberty Mutual's "interpretation" of the Turnpike Authority contract.  (*Id.* at 18-22).  In short, Liberty Mutual's disagreement with the September 30 Opinion is not a basis for reconsideration. *See* Local Civil Rule 7.1(i); *Max's Seafood Café by Lou Ann, Inc.*, 176 at 677.[7]

---

[7] It is also "settled that any ambiguity or contradiction in an insurance policy [m]ust be construed against the insurer, and in a manner which is more favorable to coverage."  *Buntin v. Cont't Ins. Co.*, 583 F.2d 1201, 1207 (3d Cir. 1978) (citations omitted).  Thus, "if there is more than one reasonable reading of a policy provision," as is the case

Liberty Mutual concedes that it did not argue in its opening brief that the terms of the contract with the Turnpike Authority are ambiguous to require entry of summary judgment. (*Compare* Sept. 30 Op. at 11; *and* Mem. of Law at 18; *see also, gen.,* ECF No. 44-3).  Liberty Mutual cited authority that provides that the contract terms should be enforced if they are clear. (ECF No. 52 at 13-14).  In finding that the terms called for Jacobs to be an additional insured, the Court determined that the terms were clear and unambiguous.

Finally, the portion of Liberty Mutual's footnote cited in the September 30 Opinion (*Id.* at 10), quotes Liberty Mutual's cross-motion brief.  (ECF No. 46-1 at 4 n.1).  There, Liberty Mutual argues that Jacobs "breached the Duties In the Event of Accident, Claim, Suit or Loss Condition of the Liberty [] Policy by failing to give prompt notice. . . ."  (Sept. 30 Op. at 16).  In the September 30 Opinion, the Court stated that "[i]n suggesting Jacobs breached the Liberty Policy, Liberty Mutual appears to acknowledge that Jacobs is bound by its terms."  (*Ibid.*).  This is similarly not a basis for reconsideration.  *See Andreyko*, 993 F. Supp. 2d at 478 ("The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter.") (citations omitted).  Accordingly, the motion is denied.

## V.      CONCLUSION

For the reasons set forth above, Liberty Mutual's motion to reconsider (ECF No. 69) the September 30 Order is **DENIED**.  An appropriate Order accompanies this Opinion.

s/ Julien Xavier Neals
DATED: August 15, 2024          **JULIEN XAVIER NEALS**
United States District Judge

---

here, "that provision must be construed against the insurance company which has drafted it."  *Id.* at 1207 (citations omitted).